FILED
MAY - 8 2008
Clerk, U.S. District and Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ELI GOTTESDIENER,

498 7th Street
Brooklyn, NY 11215

        Plaintiff,

v.

INTERNAL REVENUE SERVICE,

        Defendant.

Case: 1:08-cv-00799
Assigned To : Leon, Richard J.
Assign. Date : 5/8/2008
Description: FOIA/Privacy Act

---

## COMPLAINT

Plaintiff, *pro se*, alleges as follows:

### Nature of Action

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), as amended, to secure access to requested agency records improperly withheld from Plaintiff by the Internal Revenue Service ("IRS") and to obtain all other appropriate and available relief.

### Jurisdiction and Venue

2. This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Specifically, this action is brought under 5 U.S.C. § 552(a)(4)(B).

3. Venue is proper here under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## The Parties

4. Plaintiff Eli Gottesdiener is an attorney whose practice includes the representation of employee benefit plan participants who dispute that such plans are or were in compliance with the requirements of the Internal Revenue Code (the "Code") and the Employee Retirement Income Security Act ("ERISA") during relevant times.

5. Defendant IRS is an agency of the United States government within the meaning of 5 U.S.C. § 552(f), a component entity of the Department of the Treasury, which is a Department of the Executive Branch of the United States Government, with its headquarters in Washington, D.C., in this judicial district. Defendant is subject to the requirements of the FOIA, is in possession and control of the requested records, and is responsible for fulfilling Plaintiff's FOIA requests and requests made under 26 U.S.C. ("Code") § 6104(a) and 26 C.F.R. ("Treas. Reg.") § 301.6104(a)-1 through (a)-3.

## Additional Allegations

6. Plaintiff incorporates by reference the allegations contained in the related action, *Gottesdiener v. IRS,* 08-618 (RCL) (D.D.C., filed Apr. 9, 2008) ("*Gottesdiener I*"). *See* Fed. R. Civ. P. 10.

**Plaintiff's Employee Plans Requests dated January 31, 2008 and March 4, 2008**

7. On January 31, 2008, Plaintiff, in accordance with Code. § 6104, Treas. Reg. § 301.6104(a)-1 *et seq.*, and IRS Manual 11.3.10, sent a request to the Employee Plans ("EP") office of the Tax Exempt and Government Entities ("TEGE") division of the IRS requesting access to documents relating to 10 specifically-identified cash balance pension plans believed to have not satisfied the requirements of IRS Notice 96-8, 1996-1 C.B. 359, 1996 WL 17901 (Feb.

5, 1996), with respect to distributions made prior to August 17, 2006, the effective date of the Pension Protection Act of 2006 ("PPA"). Plaintiff explained that he sought all employee plan documents relative to the 10 plans that the Code, Treasury Regulations and the IRS Manual require be made available to the public for inspection upon written request. *See* 26 U.S.C. § 6104(a); Treas. Reg. § 301.6104(a)–1 through § 301.6104(a)–3. He explained:

> I wish to inspect and obtain copies of all documents to which the referenced authorities permit me access: namely, all determination letter applications, all papers submitted in support of all determination letter applications, all letters issued by the IRS dealing with the plans' qualification, and all documents issued by the IRS dealing with the plans' qualification, such as TAMs (technical advice memorandums).[1] In that regard, please note that the regulations specifically provide that "Internal Revenue Service letters and documents open to public inspection under section 6104(a)(1)(B)(iv) and this section are not limited to those issued in response to an application for a determination letter described in § 301.6104(a)-2." Treas. Reg. § 301.6104(a)–3(b).

*See* Plaintiff's Jan. 31, 2008 Ltr. at 2. Plaintiff attached to his letter specific examples of some of the items he sought by way of the request. *Id.*, Exs. 1-2.[2] Plaintiff also provided detailed information regarding each plan, the dates of prior and/or pending determination letter

---

[1] *See* 26 U.S.C. § 6104(a)(1)(B)(i), (iii)-(iv) (documents that must be made available include "any application filed with respect to the qualification of a pension, profit-sharing, or stock bonus plan under section 401(a)"; "any papers submitted in support of [such] application"; "any letter or other document issued by the Internal Revenue Service and dealing with the qualification [of the plan]"); Treas. Reg. § 301.6104(a)–3(c) (documents that must be made available include but are not limited to "[d]etermination letters relating to the qualification of a plan, "[t]echnical advice memoranda . . .relating o the issuance of such determination letters," "[t]echnical advice memoranda relating to the continuing qualification of a plan . . . previously determined to be qualified, or to the qualification of a plan . . . for which no determination letter has been issued," "[l]etters or documents revoking or modifying any prior favorable determination letter or denying the qualification of a plan . . . for which no determination letter has been issued"); IRS Manual 11.3.10 "Employee Plans Information" at Section 11.3.10.1 (dated 06-17-2005) ("Authority for Public Inspection") (same).

[2] Plaintiff specified, under Treas. Reg. § 301.6104(a)-6(b), that he wanted access to all disclosable documents, not merely those issued or delivered after the date of the filing of the most recent application for a determination letter, and Treas. Reg.§ 301.6104(a)–6(b), that he wanted access to all applications for determination letters and all "related material" for all the listed plans made since the plans converted to a to that date with respect to the planned conversion.

3

applications, and where applicable which Technical Advice Memoranda ("TAMs") were known to have been issued with respect to the plans.

8.  Plaintiff's January 31, 2008 EP request specified that Plaintiff was and is willing to "pay all assessable fees for such copies or related charges this request might incur," and that $500 could be incurred on Plaintiff's behalf without further authorization from him. Plaintiff also asked that the responsive documents be disclosed to him "on a rolling basis," *i.e.*, for release as documents became available for release, rather than released to him only once all responsive records had been located and were ready for release.

9.  On February 13, 2008, having received no response to his January 31, 2008 request, Plaintiff wrote EP again asking that someone call him to discuss his request.

10. On February 21, 2008, Plaintiff was contacted by telephone by Mukai Muindi, Employee Plans Specialist who informed Plaintiff, through his assistant, that responsive materials would be forwarded to him on a rolling basis.

11. On February 29, 2009, EP forwarded Plaintiff documents regarding 5 of the 10 plans. But without specifically so stating, EP failed to disclose numerous documents regarding those 5 plans and responsive to Plaintiff's request that it lacks authority to withhold under Code § 6104(a), Treas. Reg. § 301.6104(a)–1 through § 301.6104(a)–3 or otherwise, which Plaintiff explained in a letter to EP dated March 4, 2008.

12. On March 4, 2008, Plaintiff made a separate request to EP for documents from 6 additional plans, bringing Plaintiff's total EP request as of that date to 16 plans.

13. On March 5 and 6, 2008, via telephone, Plaintiff, through his assistant, further attempted to persuade EP that it was misconstruing the operative statutes, regulations and provisions of the IRS Manual. At the time, those efforts were unavailing.

14. On March 6, 2008, EP forwarded Plaintiff additional documents responsive to his January 31, 2008 request, relating to 2 additional plans. As previously, many of the documents requested had been withheld although such withholding is contrary to Code § 6104(a) and Treas. Reg. § 301.6104(a)–1 through § 301.6104(a)–3.

**Plaintiff's FOIA Request dated March 7, 2008**

15. On March 7, 2008, Plaintiff directed a Freedom of Information Act request to the main IRS FOIA office as well as to an IRS Disclosure Manager responsible for the request at issue in *Gottesdiener I*, Ms. Marie Twarog. In this request, Plaintiff asked for the same documents sought in his January 31, 2008 and March 4, 2008 EP requests (documents relating to 16 specific plans) and added another 6 plans, bringing the total to 22.[3]

16. Plaintiff offered to assist the FOIA Office by forwarding a list of documents within the scope of the request which Plaintiff already possessed, so that the identical versions of such documents in the IRS's possession could be eliminated from Plaintiff's request for copies to the extent such an overlap could be established and verified. (Plaintiff forwarded the FOIA Office and EP such a list by letter dated May 2, 2008.)

---

[3] On April 28, 2008, Plaintiff forwarded EP a third written request, adding another 6 plans to the 16 plan already requested via his January 31 and March 4 letters, thus also bringing the total number of plans for which documents were sought to 22. The result is that the 3 separate requests to EP and the separate FOIA request directed to the IRS's FOIA office seek the identical documents concerning the same 22 plans.

17. Plaintiff's March 7, 2008 FOIA request specified that Plaintiff was willing to "pay **all** assessable fees incurred in connection with responding to this request." (emphasis added).

18. Plaintiff's March 7, 2008 FOIA request specifically requested expedited treatment under 26 C.F.R. § 601.702(c)(6)(i)(B).

19. Having heard nothing from the IRS FOIA office regarding the March 7 FOIA, on March 28, 2008, Plaintiff, through his assistant, contacted Ms. Twarog who orally acknowledged receipt of Plaintiff's request. She did not, however, provide a date by which Plaintiff could expect to receive written acknowledgement of his request, nor a reason recognized by the statute, regulations, or the IRS Manual for failing to provide such written acknowledgment or request for an extension of time.

**EP Agrees Plaintiff is Right But Has Yet to Disclose the Key Documents Plaintiff Seeks**

20. On April 3, 2008, EP, through Ms. Muindi, informed Plaintiff, through his assistant, that it agreed with Plaintiff that EP's withholdings were in error, not sustainable under the law, and that the withheld documents would forwarded to Plaintiff promptly.

21. The next day, on April 4, 2008, to assist EP in that regard, Plaintiff wrote EP, providing a detailed list of all responsive documents from his January 31 and March 4 requests that Plaintiff knows or believes to be in existence, in chronological order by plan, and in order of priority.

22. On April 10, 2008, EP forwarded Plaintiff additional documents responsive to his January 31 and March 4 requests. However, some of what EP forwarded were duplicates of

documents previously forwarded on February 29 and March 6. Others were documents Plaintiff already possessed. Most of the key items Plaintiff sought were not included.

**The FOIA Office Continues To Ignore Plaintiff's March 7 FOIA Request**

27. Still having received no acknowledgement of his March 7, 2008 FOIA request, Plaintiff, through his assistant, called Ms. Twarog again, on April 25, 2008. During this call, Ms. Twarog stated that one or more unidentified persons were working on an estimate of what search, reviewing and copying charges would cost Plaintiff. She did not, however, address the fact that Plaintiff already expressly agreed to pay all assessable fees, without limitation, in connection with his request or otherwise explain why the estimation process should have caused the FOIA Office to fail to even acknowledge Plaintiff's request in writing. Ms. Twarog also did not address the fact that Plaintiff specifically asked that his request be given expedited treatment, and that the IRS's time for responding to that request is "within 10 days of the date of the request, provided that in no event shall the IRS have less than five days (excluding Saturdays, Sundays, and legal public holidays) from the date of the responsible official's receipt of the request for such processing." 26 C.F.R. § 601.702(c)(6)(iv).

28. On May 2, 2008, Plaintiff forwarded the FOIA Office a letter together with a list of all documents of which he is currently aware within the scope of his request, indicating which documents he has already received from EP or which he independently possesses.

29. As of the filing of this action, the FOIA Office has not responded to Plaintiff's letter, provided any written response to his March 7 FOIA request, or returned Plaintiff's most recent phone calls.

## Claims

30.     Plaintiff reasserts and incorporates by reference the foregoing paragraphs.

31.     Plaintiff properly requested records within the IRS's control in accordance with the FOIA and has paid and/or offered to pay whatever amount of money it requires to provide Plaintiff with a complete response to the request.

32.     The IRS nevertheless refuses to process Plaintiff's request, failed to respond within the applicable time limits (including reasonable extensions of that time limit) and failed to provide Plaintiff with a single one of the documents which he has requested, none of which can be legitimately withheld under the FOIA and applicable law.

33.     Plaintiff has exhausted its administrative remedies under FOIA § 552(a)(6)(c)(i) and Treas. Reg. § 601.702(c)(12).

34.     Plaintiff is entitled to judicial review under FOIA § 552(a)(4) and Treas. Reg. § 601.702(c)(13).

35.     Plaintiff has a statutory right, pursuant to FOIA § 552(a)(3), to the requested records. There is no legal basis for Defendant's failure to respond to Plaintiff's request and/or to disclose the requested materials and/or to claim statutory exemptions from disclosure for any requested materials.

## Prayer for Relief

WHEREFORE, Plaintiff prays for all relief to which he is or may be entitled including but not limited to:

A.   A declaratory judgment that Defendant has violated, among other things, the provisions of 5 U.S.C. § 552(a)(6)(A) and (B), that the IRS's withholding of the records at issue is unlawful, and that the IRS failed to exercise due diligence in responding to the request.

B.   Pursuant to 5 U.S.C. § 552(a)(3), an injunction compelling Defendant to disclose the requested records to Plaintiff forthwith.

C.   Pursuant to 5 U.S.C. § 552(a)(4)(E), an order awarding Plaintiff reasonable attorney's fees and litigation expenses incurred in prosecuting this action.

D.   Pursuant to 5 U.S.C. § 552(a)(4)(F), a declaratory judgment that the circumstances surrounding its failure to release the records raise questions whether the particular agency personnel responsible acted arbitrarily or capriciously with respect to the withholding of the requested records.

E.   An award of costs and reasonable attorney fees as authorized by FOIA, 5 U.S.C. § 552(a)(4)(E) and/or other applicable law.

F.   All such further relief, whether specified herein or not, to which Plaintiff may be entitled.

By: _____
Eli Gottesdiener (D.C. Bar No. 420764)
GOTTESDIENER LAW FIRM, PLLC
1025 Connecticut Avenue, N.W., Suite 1000
Washington, D.C. 20036
Email: eli@gottesdienerlaw.com
Telephone: (202) 243-1000
Facsimile:  (202) 243-1001

CIVIL COVER SHEET
Case 1:08-cv-00799-RJL  Document 1-2  Filed 05/08/2008  Page 1 of 2
JS-44
(Rev.1/05 DC)

08-799
RJL

## I (a) PLAINTIFFS

Eli Gottesdiener

## DEFENDANTS

Internal Revenue Service

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

~~Washington, D.C.~~ 11001

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Washington, D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Eli Gottesdiener, Gottesdiener Law Firm, PLLC, 498 7th Street,
Brooklyn, NY 11215
(718) 788-1500

Case: 1:08-cv-00799
Assigned To : Leon, Richard J.
Assign. Date : 5/8/2008
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ⦿ E. General Civil (Other)    OR    ⦿ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

FOIA, 5 U.S.C. Section 552 et seq. and 26 U.S.C. § 6104(a) et seq-Action for failure to provide access to employee benefit plan information

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐

DEMAND $ _____    Check YES only if demanded in complaint

JURY DEMAND:  YES ☐  NO ☒

## VIII. RELATED CASE(S) IF ANY

(See instruction)  YES ☐  NO ☒   If yes, please complete related case form.

DATE 05/07/2008    SIGNATURE OF ATTORNEY OF RECORD _____

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.