IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELI GOTTESDIENER**, | : |
| Plaintiff, | : |
| v. | : 08-CV-799 (RJL) |
| **INTERNAL REVENUE SERVICE**, | : |
| Defendant. | : |

**PLAINTIFF'S MOTION TO TRANSFER RELATED CASE,
AND STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT**

Plaintiff, *pro se*, respectfully notifies the Court that this case is related within the meaning of Local Rule 40.5 to an earlier filed action, *Gottesdiener v. Internal Revenue Service,* 08-CV-618 (RDL) (*"Gottesdiener I"*), filed on April 9, 2008 and currently pending before Judge Lamberth.  Plaintiff respectfully moves the Court to transfer this case to the Calendar and Case Management Committee in accordance with Local Rule 40.5 for possible reassignment to Judge Lamberth.  As set forth further below, Plaintiff consulted with the government pursuant to Local Rule 7(m) to obtain its consent to the transfer but the government would only consent upon Plaintiff's agreement to withdraw its opposition to the pending motion to vacate the default entered by Judge Lamberth in *Gottesdiener I.*   Because Plaintiff does not believe he should be required to abandon a position he has taken in one case in good faith in order to secure the government's consent to a motion in another case which the government otherwise agrees has merit, this motion is not consented to.

In support of this motion, Plaintiff states:

1. This FOIA action ("*Gottesdiener II*"), filed on May 8, 2008, is related to the earlier-filed *Gottesdiener I* FOIA action within the meaning of Local Rule 40.5(a)(3), because they involve common issues of fact. The government agrees. *See* Doc. 3 ¶ 3.[1]

2. *Gottesdiener II* was inadvertently not designated as related to *Gottesdiener I* on the civil cover sheet, *see* Gottesdiener Decl. ¶ 2, Doc. 10, Ex. B, *Gottesdiener I,* although the cover letter Plaintiff forwarded to the Clerk did specifically so designate it, *see* Conover Decl. ¶ 5, Doc. 10, Ex. A (and Ex. 1 thereto), and the *Gottesdiener II* Complaint itself states that *Gottesdiener II* is related to *Gottesdiener I*. *See* Doc. 1, Compl. ¶ 6 ("Plaintiff incorporates by reference the allegations contained in the related action, *Gottesdiener v. IRS,* 08-618 (RCL) (D.D.C., filed Apr. 9, 2008) ('*Gottesdiener I*')") (emphasis added).

3. Under Local Rule 40.5(c)(2), a judge with a later-numbered related case may transfer the case to the Calendar and Case Management Committee for reassignment to the judge with the earlier case. In this case, such a transfer would appear especially appropriate under Local Rule 40.5 (and Fed. R. Civ. P. 1) because Judge Lamberth has already considered matters in *Gottesdiener I* sufficient to enter an order directing the Clerk to enter a default against the Defendant, *see* Doc. 7, *Gottesdiener I* (a request Plaintiff made of the Court rather than the Clerk who has no discretion in the matter, *see* Doc. 5, *Gottesdiener I*), and there is now a fully-briefed

---

[1] Although not material to this motion, Plaintiff wishes to note that he does not agree with several assertions and/or suggestions the government makes in its July 23 motion to set time to answer, which this Court granted on July 25. Some of these assertions and/or suggestions are repeated in the government's July 23 motion to vacate default in *Gottesdiener I* and are addressed in Plaintiff's opposition to that motion. *See* Doc. 10 and Exs. A and B, *Gottesdiener I.*

motion to vacate that default (entered by the Clerk at Judge Lamberth's direction, *see* Doc. 8, *Gottesdiener I*) now pending before him.  *See* Docs. 9-11, *Gottesdiener I.*

4.     Separately, it may be that transfer of this action to Judge Lamberth is mandatory under Local Rule 40.5(a)(3) in cases such as *Gottesdiener I* and *II* because they were brought *pro se*.  *See* Local Rule 40.5(a)(3) ("Notwithstanding the foregoing, a case filed by a *pro se* litigant with a prior case pending <u>shall</u> be deemed related <u>and assigned to the judge having the earliest case</u>").

5.     Pursuant to Local Rule 7(m), Plaintiff conferred with government counsel both by telephone and via email in an effort to secure the government's consent to this motion.  The government, however, would only consent upon Plaintiff's agreement to withdraw its opposition to the pending motion to vacate the default entered by Judge Lamberth in *Gottesdiener I,* despite the fact that the government concedes *Gottesdiener I* and *II* are indeed related.  The government's rationale is set forth in the email dated August 7, 2008, attached hereto as Ex. 1, which government counsel confirmed telephonically on August 12, 2008 continued to be the government's position.  The government consented to Plaintiff providing a copy of its email to the Court.

**Conclusion**

Wherefore, for the reasons stated herein and for such reasons as may appear to the Court, Plaintiff respectfully submits the instant motion be granted.

Respectfully submitted

/s/ *Eli Gottesdiener*
Eli Gottesdiener (D.C. Bar No. 420764)
GOTTESDIENER LAW FIRM, PLLC
1025 Connecticut Avenue, N.W., Suite 1000
Washington, D.C. 20036
Email:  eli@gottesdienerlaw.com
Telephone:  (202) 243-1000
Facsimile:    (202) 243-1001

**Eli Gottesdiener**

| | |
|---|---|
| **From:** | Martineau, Michael J. (TAX) [Michael.J.Martineau@usdoj.gov] |
| **Sent:** | Thursday, August 07, 2008 4:32 PM |
| **To:** | Eli Gottesdiener |
| **Cc:** | Salem, Michael J. (TAX) |
| **Subject:** | RE: Gottesdiener I and II |

Mr. Gottesdiener: This office is in receipt of your letter dated August 7, 2008, in regard to the following 2 cases:

Gottesdiener I, No. 08-618 (RCL) (D.D.C.)
Gottesdiener II, No. 08-799 (RJL) (D.D.C.)

The Tax Division has no objection to a motion asking Judge Leon to transfer Gottesdiener II to Judge Lamberth's docket, ON THE EXPRESS CONDITION that Plaintiff in Gottesdiener I WITHDRAWS its opposition to the pending Defendant's Motion To Vacate Default and for Extension of Time To Answer. The motion seeks to vacate the entry of default and set a date of August 15, 2008, for the defendant to answer. In
Gottesdiener II, Judge Leon, by minute order entered on July 25, 2008, ordered that defendant shall have up to and including until August 15, 2008, in which to to answer. The rationale for transferring Gottesdiener II to Judge Lamberth would be to allow both cases to proceed simultaneously and expeditiously. Moreover, as a practical matter, there is nothing to be gained by further litigating the defendant's motion to vacate the entry of default, since, even if plaintiff prevails on the pending motion (highly unlikely), under Rule 55(d) plaintiff still must establish its claim for relief against the Government on the merits.

Accordingly, the Tax Division respectfully requests that plaintiff immediately withdraw its opposition to the Government's motion to vacate default. (Defendant's Reply is due to be filed on August 8, 2008).  Once this condition is satisfied, the Government will gladly consent to plaintiff's motion requesting Judge Leon to transfer Gottesdiener II to Judge Lamberth.

If questions, please call me at (202) 307-6483.

Thank you.

Michael J. Martineau
Tax Division
U.S. Department of Justice
Washington, D.C.

---

**From:** Eli Gottesdiener [mailto:eli@gottesdienerlaw.com]
**Sent:** Thursday, August 07, 2008 11:18 AM
**To:** Martineau, Michael J. (TAX)
**Subject:** Gottesdiener I and II

Please see attached.




==========================================
Eli Gottesdiener
Gottesdiener Law Firm, PLLC
498 7th Street
Brooklyn, NY  11215
Phone: (718) 788-1500
Fax:    (718) 788-1650

1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C.  20036

8/7/2008

Phone: (202) 243-1000
Fax: (202) 243-1001
Email: eli@gottesdienerlaw.com
Web: www.gottesdienerlaw.com

Please note: This message contains information which may be confidential and/or privileged. If you are not the intended recipient, please do not use, copy or disclose to it or its contents in whole or in part but instead inform the sender so the sender can take corrective measures. Thank you.

8/7/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ELI GOTTESDIENER**, | : |
| Plaintiff, | : |
|  | : 08-CV-799 (RJL) |
| v. | : |
| **INTERNAL REVENUE SERVICE**, | : |
| Defendant. | : |

**[proposed] O R D E R**

Upon consideration of the motion by plaintiff to transfer related case and the entire record herein, it is hereby

ORDERED, that this case ("*Gottesdiener II*") is transferred to the Calendar and Case Management Committee in accordance with Local Rule 40.5 for reassignment to Judge Lamberth, who is presiding over the earlier filed action, *Gottesdiener v. Internal Revenue Service,* 08-CV-618 (RDL) (*"Gottesdiener I"*), filed on April 9, 2008, on the grounds that it is both related within the meaning of Local Rule 40.5(a)(3) and because in both cases the plaintiff is proceeding *pro se*.

---------------------------------------
Richard J. Leon
United States District Judge