IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELI GOTTESDIENER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:08-cv-799-RJL |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO TRANSFER RELATED CASE**

On August 8, 2008, plaintiff, Eli Gottesdiener, filed a motion seeking to transfer this case (*Gottesdiener II*) as a related case to the Calendar and Case Management Committee of an earlier action, *Eli Gottesdiener v. Internal Revenue Service*, 08-CV-618 (RCL) (*Gottesdiener I*), filed on April 9, 2008 and currently pending before Judge Royce C. Lamberth.

The undersigned counsel for defendant advised Mr. Gottesdiener in an August 7, 2008 email (exhibit 1 to plaintiff's motion), and in a subsequent telephone conversation, pursuant to Local Rule 7(m), as follows:

> The Tax Division [U.S. Department of Justice] has no objection
> to a motion asking Judge Leon to transfer *Gottesdiener II* to Judge
> Lamberth's docket, ON THE EXPRESS CONDITION that Plaintiff
> in *Gottesdiener I* WITHDRAWS its opposition to the pending
> Defendant's Motion To Vacate Default and For Extension of Time
> To Answer. The motion seeks to vacate the entry of default and set
> a date of August 15, 2008, for the defendant to answer. In *Gottesdiener II*,

> Judge Leon, by minute order entered on July 25, 2008, ordered that defendant shall have up to and including August 15, 2008, in which to answer. *The rationale for transferring Gottesdiener II to Judge Lamberth would be to allow both cases to proceed simultaneously and expeditiously. Moreover, as a practical matter, there is nothing to be gained by further litigating the defendant's motion to vacate the entry of default, since, even if plaintiff prevails on the pending motion (highly unlikely), under Rule 55(d) plaintiff still must establish its claim for relief against the Government on the merits.* Accordingly, the Tax Division respectfully requests that plaintiff immediately withdraw its opposition to the Government's motion to vacate default. (Defendant's Reply is due to be filed on August 8, 2008). Once this condition is satisfied, the Government will gladly consent to plaintiff's motion requesting Judge Leon to transfer *Gottesdiener II* to Judge Lamberth.

(Plaintiff's Motion to Transfer Related Case, exhibit 1) (Bold in original) (emphasis supplied.)

The defendant reiterates, as stated in the August 7 email (quoted above), that the rationale for transferring *Gottesdiener II* to Judge Lamberth would be to allow *both Gottesdiener I and II* to proceed simultaneously and expeditiously before Judge Lamberth.

Moreover, as more fully set forth in our Reply To Plaintiff's Opposition To Defendant's Motion To Vacate Default And For Extension Of Time To Answer in *Gottesdiener I* (Doc. # 11), incorporated by reference herein, under Fed.R.Civ.P. 55(d), "[a] default judgment may be entered

against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed.R.Civ.P. 55(d). The effect of Rule 55(d) is that as a practical matter there is nothing to be gained by litigating the defendant's motion to vacate the entry of default, since, even if plaintiff prevails, under Rule 55(d) plaintiff still must establish its claim for relief against the Government on the merits.

Accordingly, for the reasons of judicial economy, the effect of Fed.R.Civ.P. 55(d), and *common sense*, and in the view of plaintiff's inexplicable refusal to withdraw its opposition to the Defendant's Motion To Vacate Default And for Extension Of Time To Answer pending in *Gottesdiener I*, the Court should deny the instant Plaintiff's Motion To Transfer Related Case.

DATE: August 15, 2008.

Respectfully submitted,

/s/ Michael J. Martineau

DAVID A. HUBBERT
MICHAEL J. SALEM
MICHAEL J. MARTINEAU
Trial Attorneys, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-6483
michael.J.martineau@usdoj.gov
Attorney for Defendant

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing DEFENDANT'S RESPONSE TO MOTION TO TRANSFER RELATED CASE was caused to be served upon plaintiffs' counsel on the 15th day of August, 2008, in accordance with the Court's ECF procedures.

Eli Gottesdiener
GOTTESDIENER LAW FIRM
1025 Connecticut Avenue, N.W., Suite 1000
Washington, D.C. 20036
Eli@gottesdienerlaw.com


/s/ Michael J. Martineau

MICHAEL J. MARTINEAU

3514586.1