IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELI GOTTESDIENER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:08-cv-799-RJL |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

DEFENDANT, Internal Revenue Service ("the Service"), by and through its attorneys, pursuant to Fed.R.Civ.P. 12(b)(6), moves the Court to enter an order dismissing the complaint because the Court lacks subject matter jurisdiction to entertain plaintiff's complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

As grounds for this motion, the defendant states that plaintiff's failure to appeal the Service's responses to its FOIA request constitutes failure to exhaust his administrative remedies under 5 U.S.C. § 552(a)(6)(c)(i) pursuant to the rule established by the Court of Appeals for the District of Columbia Circuit in *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57 (D.C. Cir. 1990). The Court, thereby, lacks subject matter jurisdiction, and must dismiss this action.

A memorandum of points and authorities is being filed with this motion and is being served concurrently herewith. A proposed Order Dismissing Complaint is being filed with this motion and is being served concurrently herewith.

DATE: August 15, 2008.

                    Respectfully submitted,

                    /s/ Michael J. Martineau
                    _____
                    DAVID A. HUBBERT
                    MICHAEL J. SALEM
                    MICHAEL J. MARTINEAU
                    Trial Attorneys, Tax Division
                    U. S. Department of Justice
                    Post Office Box 227
                    Washington, DC  20044
                    Telephone:  (202) 307-6483
                    michael.J.martineau@usdoj.gov
                    Attorney for Defendant

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the DEFENDANT'S MOTION TO DISMISS was caused to be served upon plaintiffs' counsel on the 15th day of August, 2008, in accordance with the Court's ECF procedures.

        Eli Gottesdiener
        GOTTESDIENER LAW FIRM
        1025 Connecticut Avenue, N.W., Suite 1000
        Washington, D.C. 20036
        Eli@gottesdienerlaw.com


        /s/ Michael J. Martineau
        _____
        MICHAEL J. MARTINEAU

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| ELI GOTTESDIENER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   NO. 1:08-cv-799-RJL |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

This is an action under the Freedom Of Information Act ("FOIA"), 5 U.S.C. § 552, in which plaintiff, Eli Gottesdiener, seeks access to certain documents allegedly maintained by the Internal Revenue Service (hereinafter "the Service").

STATEMENT

This suit arises out of 3 FOIA requests made by plaintiff to the Service's Tax Exempt / Government Entities Customer Accounts Services in Cincinnati, Ohio (hereinafter "TEGE"). The requests at issue include an original request and two later requests styled as extensions of the first request. TEGE has produced to plaintiff almost all documents responsive to the requests. The limited number of responsive documents that have not been produced relate to the first request only. The three requests to TEGE seek documents pertaining to 22 "cash benefit" employee pension plans. (Compl. ¶ 4, 7.)

Throughout the administrative processing of the requests, which has involved extensive communications between plaintiff and the Service described in the complaint (Compl. ¶¶ 7- 29), TEGE has provided plaintiff with responsive documents as they are located and made available for disclosure to him. The Service has produced to plaintiff documents relating to 20 of the 22

employee pension plans. *The Service has not withheld any responsive documents from plaintiff.* The Service, as of this date, is continuing to retrieve the remaining responsive documents and expects to release such documents to plaintiff as soon as they become available.

On May 8, 2008, plaintiff filed the instant suit seeking access under the FOIA to records maintained by TEGE. (Doc. # 1.) By minute order entered on August 25, 2008, the Court granted the defendant's motion for an extension of time to answer and ordered that defendant shall have up to and including August 15, 2008, in which to file its answer or other responsive pleading.

## ARGUMENT

THE COURT LACKS SUBJECT MATTER JURISDICTION
TO ENTERTAIN THE COMPLAINT BECAUSE PLAINTIFF
FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES
AS REQUIRED UNDER THE FREEDOM OF INFORMATION ACT

The Service, as stated above, is currently retrieving the remaining documents responsive to plaintiff's FOIA requests to TEGE and anticipates releasing those documents without asserting any exemptions under subsection (b) of the FOIA. 1/ Nevertheless, the Court lacks subject matter jurisdiction to entertain plaintiff's complaint because plaintiff failed to exhaust his administrative remedies as required under the FOIA.

1. <u>Exhaustion of Administrative Remedies Under the FOIA</u>

Under the FOIA, administrative remedies must be exhausted prior to judicial review. When a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full and timely administrative exhaustion, the suit is subject to ready dismissal because "exhaustion

---

1/ As those documents have not yet been retrieved and reviewed by Service personnel, the defendant expressly reserves the right to assert any exemptions for documents or portions thereof under subsection (b) of the FOIA, and expressly does not waive its right to assert exemption(s) in filing this motion.

of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA." *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) (per curiam) (citing *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61-64, 65 n. 9 (D.C. Cir. 1990). Exhaustion allows top-level officials of an agency to correct possible mistakes made at lower levels and thereby obviate unnecessary judicial review. *Oglesby*, 920 F.2d at 61; *Martin v. Court Servs. & Offender Supervision Agency*, No. 05-853, 2005 WL 3211536, at * 3 (D.D.C. Nov. 17, 2005) (recognizing that administrative exhaustion "gives the parties and the courts the benefit of the agency's experience and expertise.").

Many courts have held that dismissal is appropriate under Fed.R.Civ.P. 12(b)(1), treating exhaustion under the FOIA as essentially the same as a jurisdictional prerequisite. *Dettman v. Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986); Crooker v. Secret Service, 577 F.Supp. 1218, 1219-20 (D.D.C. 1983); McDonnell v. United States*, 4 F.3d 1227, 1240 & n. 9 (3d Cir. 1993) (affirming dismissal for lack of subject matter jurisdiction because plaintiff failed to exhaust administrative remedies); *Hymen v. Merit Systems Protection Board*, 799 F.2d 1421, 1423 (9th Cir. 1986) (confirming district court lacked subject matter jurisdiction where plaintiff failed to exhaust administrative remedies); *Robert VIII v. Dep't of Justice*, No. 05-CV-2543, 2005 WL 3371480, at * 7 (E.D.N.Y. Dec. 12, 2005) ("[A] court lacks subject matter jurisdiction over a requester's claim where the requester has failed to exhaust the administrative remedies provided under the FOIA statute.").

2.   "Constructive" Exhaustion Under the FOIA

The FOIA permits requesters to treat an agency's failure to comply with its specific time limits as full, or "constructive," exhaustion of administrative remedies. 5 U.S.C. § 552(a)(6)(C); *See Nurse v. Sec'y of the Air Force*, 231 F.Supp.2d 323, 328 *(D.D.C. 2002); ("The FOIA is

considered a unique statute because it recognizes a constructive exhaustion doctrine for purposes of judicial review upon the expiration of certain relevant FOIA deadlines."). Thus, when an agency does not respond to a perfected request within the twenty-day statutory time limit set forth in § 552(a)(6)(A)(i), the requester is deemed to have exhausted his administrative remedies and can seek immediate judicial review, even though the requester has not filed an administrative appeal. *See Pollack v. DOJ*, 49 F.3d at 115, 118-19 (4th Cir. 1995), *cert. denied*, 396 U.S. 1010 (1970) ("Under FOIA's statutory scheme, when an agency fails to comply in a timely fashion with a proper FOIA request, it may not insist on the exhaustion of administrative remedies unless the agency responds to the request before suit is filed.").

      3.      Plaintiff Must File An Administrative Appeal Under *Oglesby*

The special right to immediate judicial review that arises from the lack of a timely response lapses if an agency responds to a request at any time before the requester's FOIA suit is filed; in that situation, the requester must administratively appeal a denial and wait at least twenty working days for the agency to adjudicate that appeal - as is required by 5 U.S.C. § 552(a)(6)(A)(ii) - before commencing litigation. *Oglesby,* 920 F.2d at 63 (ruling that if FOIA requester receives agency response before filing suit - *even one that is untimely* - requester must submit an administrative appeal before filing suit); *Smith v. FBI*, 448 F.Supp.2d 216, 220 (D.D.C. 2006) (same); *Judicial Watch, Inc. v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) (same). This rule was well established by the Court of Appeals for the District of Columbia Circuit in *Oglesby v. U.S. Dep't of the Army*, which held that "an administrative appeal is mandatory if the agency cures its failure to respond within the statutory time period by responding to the FOIA request before the suit is filed." *Oglesby*, 920 F.2d at 63. In *Oglesby*, the District of Columbia Circuit

stated:

> Briefly summarized, we find that 5 U.S.C. § 552(a)(6)(C) permits a requester to file a lawsuit when ten days have passed without a reply from the agency indicating that it is responding to his request, but that this option lasts only up to the point that an agency actually responds. *Once the agency has responded to the request, the petitioner may no longer exercise his option to go to court immediately. Rather, the requester can seek judicial review only after he has unsuccessfully appealed to the head of the agency as to any denial and thereby exhausted his administrative remedies.* Thus, if the agency responds to a FOIA request before the requester files suit, the ten-day constructive exhaustion provision in 5 U.S.C. § 552(a)(6)(C) no longer applies; actual exhaustion of administrative remedies is required. 2/

*Oglesby*, 920 F.2d at 61 (emphasis supplied).

Thus, under *Oglesby*, if a FOIA requester waits beyond the twenty day period for the agency's initial response and then, in fact, receives that response before suing the agency, the requester must exhaust his administrative appeal rights before litigating the matter." *Oglesby*, 920 F.2d at 63-64; *see also, Almy v. U.S. Dep't of Justice*, No. 96-1207, 1997 WL 267884, at *2-3 (7th Cir. May 7, 1997) (requester's failure to appeal agencies' "no records" responses constitutes a "failure to exhaust his administrative remedies"); *McDonnell v. United States*, 4 F.3d 1227, 1240 (3d Cir. 1993) (applying *Oglesby*); *Taylor v. Appleton*, 30 F.3d 1365, 1369 (11th Cir. 1994) ("We therefore join the District of Columbia Circuit and the Third Circuit on this issue."); *Judicial Watch, Inc. v. FBI*, 190 F. Supp. 2d 29, 33 ( D.D.C. 2002) (same).

---

2/ The ten day time period for constructive exhaustion referenced in *Oglesby* has since been enlarged to 20 days. See 5 U.S.C. § 552(a)(6)(A)(i).

4. <u>Plaintiff's Failure to Appeal the Service's Responses Constitutes Failure to Exhaust His Administrative Remedies Under *Oglesby*</u>

The complaint alleges that "Plaintiff has exhausted its [sic] administrative remedies under FOIA § 552(a)(6)(c)(i) and Treas. Reg. § 601.702(c)(12)."3/ (Compl. ¶ 33.) Plaintiff's allegation, however, is incorrect. It is undisputed (and plaintiff has not alleged to the contrary) that **plaintiff has not filed an administrative appeal** of the Service's responses to his FOIA request to TEGE. It is also undisputed, as plaintiff himself acknowledges in his complaint (Compl. ¶¶ 20 - 29), that the Service has responded to and produced numerous documents, even though as of this date not all responsive documents have yet to be produced to plaintiff. Here, as in *Oglesby*, plaintiff's failure to file an administrative appeal of the Service's responses constitutes failure to exhaust his administrative remedies under the FOIA.

5. <u>The Court Lacks Subject Matter Jurisdiction and Must Dismiss This FOIA Suit</u>

Plaintiff's failure to appeal the Service's responses to his request, including the agency's release of numerous documents, constitutes failure to exhaust his administrative remedies under *Oglesby*. The Court, therefore, lacks subject matter jurisdiction to entertain the complaint, and must dismiss this FOIA suit. *Oglesby*; *Taylor*, 30 F.3d at 1367 n.3 (stating that an unexhausted FOIA claim "should have been dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted"); *Judicial Watch*, 190 F. Supp. 2d at 33 (citing *Oglesby*, 920 F.2d at 61-62).

---

3/ 26 C.F.R. § 601.702(c)(12) states:"(12) Failure to comply. If the IRS fails to comply with the time limitations specified in paragraphs (c)(9), (10), or paragraph (c)(11)(i) of this section, any person making a request for records satisfying the requirements of paragraphs (c)(4)(i)(A) through (I) of this section, shall be deemed to have exhausted administrative remedies with respect to such request. Accordingly, this person may initiate suit in accordance with paragraph (c)(13) of this section."

## CONCLUSION

Accordingly, the Court should grant the Defendant's Motion to Dismiss.

DATE: August 15, 2008.

                                          Respectfully submitted,

                                          /s/ Michael J. Martineau

                                          DAVID A. HUBBERT
                                          MICHAEL J. SALEM
                                          MICHAEL J. MARTINEAU
                                          Trial Attorneys, Tax Division
                                          U. S. Department of Justice
                                          Post Office Box 227
                                          Washington, DC  20044
                                          Telephone:  (202) 307-6483
                                          michael.J.martineau@usdoj.gov
                                          Attorney for Defendant

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS was caused to be served upon plaintiffs' counsel on the 15th day of August, 2008, in accordance with the Court's ECF procedures.

>Eli Gottesdiener
>GOTTESDIENER LAW FIRM
>1025 Connecticut Avenue, N.W., Suite 1000
>Washington, D.C. 20036
>Eli@gottesdienerlaw.com

/s/ Michael J. Martineau
_____
MICHAEL J. MARTINEAU

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| ELI GOTTESDIENER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 1:08-cv-799-RJL |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

## ORDER DISMISSING COMPLAINT

Upon consideration of the Defendant's Motion To Dismiss, and

The Court finding that good cause exists for the granting of said motion, it is

ORDERED that plaintiff's failure to appeal the Service's responses to its FOIA request constitutes failure to exhaust his administrative remedies under 5 U.S.C. § 552(a)(6)(c)(i) pursuant to the rule established by the Court of Appeals for the District of Columbia Circuit in *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57 (D.C. Cir. 1990); and it is further

ORDERED that the Court lacks subject matter jurisdiction to entertain this action; and it is further

ORDERED that the Defendant's Motion To Dismiss be and hereby is GRANTED; and it is further

ORDERED that the complaint be and hereby is DISMISSED.

IT is so ORDERED:

_____
RICHARD J. LEON
United States District Judge

CERTIFICATE OF SERVICE

    IT IS CERTIFIED that the foregoing ORDER DISMISSING COMPLAINT was caused to be served upon plaintiffs' counsel on the 15th day of August, 2008, in accordance with the Court's ECF procedures.

        Eli Gottesdiener
        GOTTESDIENER LAW FIRM
        1025 Connecticut Avenue, N.W., Suite 1000
        Washington, D.C. 20036
        Eli@gottesdienerlaw.com

        /s/ Michael J. Martineau
        _____
        MICHAEL J. MARTINEAU

3437043.1